UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | | |
| DOUGLAS MARK GRUVER and EMILY SUE GRUVER, *Debtor(s)* | : : : | Case No. 04-20343T |
| ----------------------------------------------------- | : | |
| DOUGLAS MARK GRUVER and EMILY SUE GRUVER, *Plaintiff(s)* | : : : | |
| v. | : | Adv. No. 04-2180 |
| | : | |
| UNITED STATES OF AMERICA, DEPARTMENT OF THE TREASURY and INTERNAL REVENUE SERVICE, *Defendant(s)* | : : : : | |

## **ORDER**

AND NOW, this 20th day of January, 2006, it is ORDERED that JUDGMENT ON THE COMPLAINT IS ENTERED IN FAVOR OF DEFENDANTS, UNITED STATES OF AMERICA, DEPARTMENT OF THE TREASURY AND INTERNAL REVENUE SERVICE ("Defendants") AND AGAINST PLAINTIFFS, DOUGLAS MARK GRUVER AND EMILY SUE GRUVER ("Plaintiffs") as the Court finds that Plaintiffs failed to meet their burden under 11 U.S.C. §362(h) of establishing that Defendants willfully violated the automatic stay when Defendants offset the pre-petition 2003 income tax refund owed to Plaintiffs against the 1995 income tax liability of

Plaintiff, Douglas Mark Gruver.[1]  In re Sammon, 253 B.R. 672, 679-80 (Bankr. D. S.C. 2000)(burden is on the party seeking damages for a violation of the automatic stay to prove: *(1)* that a bankruptcy petition was filed, *(2)* that the debtors are "individuals" under the automatic stay provision, *(3)* that the creditor received notice of the filing of the bankruptcy petition, *(4)* that the creditor's actions were in willful violation of the automatic stay and *(5)* that the debtors suffered damages); In re Flack, 239 B.R. 155, 162-63 (Bankr. S.D. Ohio 1999); In re Aponte, 82 B.R. 738, 742 (Bankr. E.D. Pa. 1988).[2]

---

1. We note that post-petition tax refunds derived from pre-petition income are always held to be property of the estate. In re Thomas, 231 B.R. 581, 587 (Bankr. E.D. Pa. 1999), aff'd 246 B.R. 500 (E.D. Pa. 2000); Mack v. Pa. Dept. of Public Welfare (In re Mack), 46 B.R. 652, 655 (Bankr. E.D. Pa. 1985). Here, Plaintiffs filed their bankruptcy petition on January 22, 2004. The federal income tax refund in issue was for the 2003 tax year and therefore was generated by pre-petition wages earned in 2003. Hence, as Defendants note, even if they had not offset the 2003 federal income tax refund against Mr. Gruver's 1995 federal income tax liability, the funds in issue (i.e. the 2003 federal income tax refund) would belong to the Trustee, not Plaintiffs.

2. Specifically, we find that Plaintiffs failed to meet their burden of proving that Defendants knew of Plaintiffs' bankruptcy filing when Defendants offset the pre-petition 2003 income tax refund owed to Plaintiffs against the 1995 income tax liability of Plaintiff, Douglas Mark Gruver ("Mr. Gruver"). Accordingly, we find that any violation of the automatic stay committed by Defendants was not willful and that Plaintiffs are therefore not entitled to damages.
    To explain, it is undisputed that Plaintiffs' bankruptcy petition listed an incorrect social security number for Mr. Gruver. As a result of this error, Defendants were unaware that a bankruptcy petition had been filed by Plaintiffs when Defendants offset the 2003 income tax refund owed to Plaintiffs against Mr. Gruver's 1995 federal income tax obligation. As John Lindinger, the Manager of the Internal Revenue Services' Insolvency Unit in Philadelphia, PA, testified, the Bankruptcy Court and the Internal Revenue Service ("IRS") have a written agreement whereby the Bankruptcy Court notifies the IRS of all new bankruptcy petitions by electronic means. This Notice includes the debtors' social security numbers. Mr. Lindinger testified that the both Plaintiffs' petition and the Notice received from this Court notifying them of Plaintiffs' bankruptcy filing contained the incorrect social security number for Mr. Gruver. As a result, the IRS's Insolvency Unit used the incorrect social security number for Mr. Gruver when it attempted to adjust the taxpayer account information on its computer system to reflect that Plaintiffs had filed a bankruptcy petition. Mr. Lindinger further testified that because Plaintiffs' filed a joint federal income tax return for 2003, their tax account for that year was listed under Mr. Gruver's social security number and that Mr. Gruver had an outstanding federal income tax liability for the 1995 tax year. Accordingly, when the incorrect social security number for Mr. Gruver was placed into the IRS's computer system to reflect that Mr. Gruver had filed a bankruptcy petition, Plaintiff's 2003 and 1995 tax accounts were not adjusted to reflect that a bankruptcy petition had been filed because those tax accounts were indexed under Mr. Gruver's correct social security number. As a result, Defendants were unaware of Plaintiffs' bankruptcy filing when they made the

Reading, PA

          THOMAS M. TWARDOWSKI
          United States Bankruptcy Judge

offset and therefore, any violation of the automatic stay committed by Defendants was not willful. Sammon, 253 B.R. at 679-80; Flack, 239 B.R. at 162-63; Aponte, 82 B.R. at 742. While Plaintiffs argue that Defendants should be deemed to have knowledge of Plaintiffs' bankruptcy filing when they made the offset in question based upon the fact that Plaintiffs' counsel had made staff at the IRS's Bethlehem, PA office aware of Plaintiffs' bankruptcy filing, we find this argument unconvincing based upon Mr. Lindinger's credible testimony that IRS personnel in Bethlehem, PA lack authority to modify a taxpayer's account to reflect that a bankruptcy petition has been filed. Rather, Mr. Lindinger testified that only the Insolvency Unit of the IRS has the authority to modify taxpayers' accounts to reflect that they have filed a bankruptcy petition. In addition, Mr. Lindinger credibly testified that counsel for Plaintiffs has had past dealings with the IRS's Insolvency Unit in Philadelphia, PA concerning other cases and that he has spoken to counsel for Plaintiffs concerning other bankruptcy cases in the past. Nonetheless, counsel for Plaintiffs failed to contact the IRS's Insolvency Unit or Mr. Lindinger before filing this adversary complaint. Finally, we note that our conclusion that Defendants did not willfully violate the automatic stay is further supported by the fact that Defendants promptly reversed the offset as soon as they received this adversary complaint and became aware that Plaintiffs had filed a bankruptcy petition. For all of these reasons, we find that Plaintiffs failed to meet their burden of proving that Defendants committed a willful violation of the automatic stay and we enter judgment on the complaint in favor of Defendants.